IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kathleen M., | ) | |
| | ) | Civil Action No.: 4:21-cv-00375-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Commission of Social Security Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 20, 2022. (ECF No. 14.) The Report addresses Plaintiff Kathleen M.'s ("Plaintiff") claim for disability insurance benefits ("DIB"). (*Id.* at 1.) The Report recommends reversing the decision of the Commissioner of Social Security Administration ("the Commissioner") and remanding the matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 14.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied her claim for DIB. (*Id.* at 1-2.) The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision, leading to the proceedings in this case. (ECF No. 8-2 at 2.)

The Magistrate Judge's Report concluded that the ALJ's decision made proper review of the record impossible and recommended the court remand the matter for further administrative proceedings. (ECF No. 14.) The Magistrate Judge reasoned that the ALJ's failure to consider evidence on the record regarding Plaintiff's upper extremity pain, exams, treatment, and diagnosis was in error, because it failed to account for the impairments in his RFC analysis or classify the impairments alleged as severe or non-severe. (*Id*. at 9.) The ALJ's reasoning to support his RFC determination was incomplete to the extent he did not "appropriately consider[], as required, all impairments, severe and non-severe, in formulating the RFC." (*Id*.) The Magistrate Judge reasoned that these shortcomings in the RFC analysis may have affected the ALJ's final decision, for instance because the Vocational Expert did not account for Plaintiff's upper extremity limitations in her testimony regarding Plaintiff's ability to work. (*Id*. at 10.) Accordingly, the Magistrate Judge found that the court could not determine whether the ALJ's disability determinations were supported by substantial evidence, recommending remand for further proceedings. (*Id*.)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the

Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

The parties were apprised of their opportunity to file specific objections to the Report on April 20, 2022. (ECF No. 14.) Objections to the Report were due by May 4, 2022. (*Id.*) On April 29, 2022, the Commissioner notified the court that he would not object to the Magistrate Judge's Report. (ECF No. 15 at 1.) Plaintiff has also not filed any objections to the Report. Since no specific objections were filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV.  CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein. The decision of the Commissioner of Social Security Administration is **REVERSED** and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 16, 2022
Columbia, South Carolina